or alter it in any respect. The court will consent that a solicitor be substituted in the place of Mr. Sargeant, when his fees are paid, and not before. The motion now made must, therefore, be denied.

## SLOOP.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the names of the vessels: e. g. "The Sloop Marchant. See Marchant."]

SLOUGH v. HATCH. See Case No. 13,499.

## Case No. 12,959.

### SLOUGHTON v. HILL.

[See Case No. 13,501.]

SLYE (CRAWFORD v.). See Case No. 3,371.

SLYE (KEZIAH v.). See Case No. 7,752.

SMALE (FORSYTH v.). See Case No. 4,950.

## Case No. 12,960.

### SMALL v. KING.

[5 McLean. 147.] [1]

Circuit Court, D. Ohio. Oct. Term. 1850.

COURTS—FEDERAL JURISDICTION — CITIZENSHIP — NOTES.

1. This court can exercise no jurisdiction in a case where the maker and indorser of a note, at the time of the assignment, resided in the state where the action is brought.

2. If the indorser be an accommodation indorser, and the note never went into his possession or ownership, it can make no difference.

[This was an action on a promissory note by William Small against Thomas W. King.]

Mr. ———. for plaintiff.
Mr. King. for defendant.

OPINION OF THE COURT. This action is founded on a promissory note given by Thomas W. King, payable to Rufus King, who assigned it to the plaintiff. The defendant filed a plea to the jurisdiction of the court, on the ground that the assignor and maker both lived in Ohio, at the time the note was given and indorsed. The plaintiff replied that Rufus King was an accommodation indorser, and that the note never passed to him. To this plea a demurrer was filed. The court sustained the demurrer to the replication, and held that there was a want of jurisdiction, under the 11th section of the judiciary act of 1789 [1 Stat. 78].

SMALL (BOONE v.). See Case No. 1,644.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

SMALL (DUER v.). See Case No. 4,116.

SMALL (HOLBROOK v.). See Cases Nos. 6,594–6,596.

## Case No. 12,961.

### SMALL et al. v. The MESSENGER.

[2 Pet. Adm. 284.] [1]

District Court. D. Pennsylvania. 1807.

SALVAGE—GOODS TAKEN FROM WRECK—COMPENSATION.

1. Goods taken from a wreck. libelled for salvage, and one-third of the gross amount decreed by the court.
[Cited in Williams v. The Adolphe. Case No. 17,712.]

[2. Cited in Browning v. Baker. Case No. 2,041. to the point that slaves may receive compensation as salvors.]

The libellant [William Small], master of the brig Catherine of Norfolk, on the 5th of September last. in lat. 37 deg. N. and long. 68 deg. W. fell in with the wreck of the schooner Messenger of Baltimore, White, master, having lost both her masts, sails and rigging; the captain. mate, and eight hands remaining alive. seven of her crew having perished. After a vain endeavour to put the schooner in a condition to proceed on her intended voyage from Baltimore to Vera Cruz; the libellant and crew took out of the wreck and saved from destruction. sundry articles in the libel mentioned. The hardships of the officers and crew of the Messenger are described, and it is said in a deposition, not admitted as legal proof of all the facts, that the captain of the schooner, the mate, and one hand, were taken on board the brig, and the rest of the surviving crew were admitted into the ship Unicorn, bound to Bremen, which ship saved, and carried on her voyage, a more considerable quantity of the cargo of the schooner. The articles saved by the brig Catharine were carried to Madeira, and brought from thence to Philadelphia, occupying the room of about fifty barrels freight. valued at one hundred and twenty dollars, the cargo of the brig being displaced to receive the goods so saved. These facts are agreed by John Craig, one of the owners of the vessel and cargo of the schooner Messenger—and that the schooner was abandoned and left at sea.
[Before PETERS, District Judge.]

BY THE COURT. There is no claim by the owners of the cargo of the brig Catharine, nor does there appear any very peculiar merit in this case, to distinguish it from the common cases of saving goods out of vessels (under like circumstances) in the labour or difficulty of saving: but it is, among others, a striking instance of the impediment to saving goods out of a perishing vessel, interposed by the cargo of the vessel employed in the salvage. Much more of the Messenger's cargo would have been saved, if it could have been

---

[1] [Reported by Richard Peters, Jr., Esq.]